**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 9:25-CR-00003-MAC** |
| | § | |
| | § | |
| | § | |
| **KEIVON JONES** | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT**
**FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 12, 2026, alleging that Defendant, Keivon Jones, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

**I. The Original Conviction and Sentence**

Keivon Jones was sentenced on August 30, 2023, before The Honorable Karen E. Schreier, of the District of South Dakota, after pleading guilty to the offense of Bank Larceny and Aiding and Abetting, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of IV, was 21 to 27 months. Keivon Jones was subsequently sentenced to 21 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include: cognitive behavioral training program; refrain from incurring new credit charges or lines of credit; access to financial information; apply

1

income tax refunds, judgments, and other financial gains to court-ordered financial obligation; mental health treatment; participation in a residential reentry center; abstain from alcohol or intoxicants and refrain from frequenting establishments that primarily sell alcoholic beverages; substance abuse treatment; provide samples of blood, breath, or bodily fluids upon request by probation; and a $100 special assessment.

## II.  The Period of Supervision

On November 29, 2024, Keivon Jones completed his period of imprisonment and began service of the supervision term.  On February 25, 2025, a transfer of jurisdiction was completed to the Eastern District of Texas Lufkin Division.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising six allegations.  The petition alleges that Keivon Jones violated the following conditions of release:

Allegation 1. You must not commit another federal, state or local crime.

Allegation 2. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

Allegation 3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

Allegation 4. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

Allegation 5. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

Allegation 6. Payment of the total restitution and other criminal monetary penalties shall be due in regular quarterly installments of 50% of the deposits in your inmate trust account while you are in custody, or 10% of your inmate trust account while serving custody at a Residential Reentry Center. Any portion of the monetary obligation(s) not paid in full prior to your release from custody shall be due in monthly installments of $100, such payments to begin 60 days following your release.

## IV.  Proceedings

On April 1, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and Defendant announced an agreement as to a recommended disposition regarding the revocation.  Defendant agreed to plead "true" to the third allegation that claimed he failed to stay within the authorized judicial district. In return, the parties agreed that he should serve a term of 10 months' imprisonment with 10 months of supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any

such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that Defendant violated conditions of supervision by failing to stay within the authorized judicial district, Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the policy statement imprisonment range is 6 to 12 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

According to U.S.S.G. § 7C1.4, application note 4, any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation should be ordered to be paid or served in addition to the sanction determined under

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

U.S.S.G. § 7C1.5 (Term of Imprisonment – Supervised Release), and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and a defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than 3 years.

U.S.S.G. § 7C1.4(c) indicates where supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

Defendant pled "true" to the petition's allegation that he violated a standard condition of release that he failed to stay within the authorized judicial district. Based upon Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). Defendant's violation is a Grade C violation, and the criminal history category is IV. The policy statement range in the Guidelines Manual is 6 to 12 months. Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 10 months with 10 months of supervised release to follow.

## VII. Recommendations

The court should find that Defendant violated the allegation in the petition that he violated a standard condition of release by failing to stay within the authorized judicial district. The petition

6

should be granted, and Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. Defendant should be sentenced to a term of 10 months' imprisonment with 10 months of supervised release to follow. Defendant requested to serve his prison term at the Federal Correctional Institution in Seagoville. Defendant's request should be accommodated, if possible.

As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed when Defendant was originally sentenced in this case shall be re-imposed, including his payment of restitution ordered in this case. Such conditions are set forth in the Judgment and any subsequent modifications, and the rationale for these conditions is contained in Defendant's Presentence Investigation Report and any accompanying requests for modification with the court.

## VIII. Objections

At the close of the revocation hearing, Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 1st day of April, 2026.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE